**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL RASHEED WIMBISH,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER RONALD A. GORNEAU, et al.,<br><br>Defendants. | Civil Action No.<br>24-1252 (CPO) (SAK)<br><br><br>**OPINION AND ORDER** |

**O'HEARN, District Judge.**

In an earlier Order, the Court ordered Plaintiff to clarify whether the state criminal charges discussed in the Complaint remain pending or whether he has since been convicted. (ECF No. 10, at 1–2). Plaintiff has advised that the charges remain pending, and he has not yet been convicted. (ECF No. 12, at 1). Plaintiff's remaining claims pursuant to 42 U.S.C. § 1983 argue that the Defendants violated his constitutional rights by conducting an illegal search of his automobile. (ECF Nos. 1, 1-1). That search led to the pending charges, (ECF No. 12, at 1), and Plaintiff seeks monetary damages. (ECF No. 1, at 7).

In *Heck v. Humphrey*, however, the Supreme Court limited a § 1983 plaintiff's right to recover for certain causes of action if the plaintiff has received a conviction on charges directly related to the § 1983 claim. *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* restricts a plaintiff's ability to recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Id.* at 486.

In order to recover damages in such a case, a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87.  Consequently, when a prisoner seeks damages in a civil suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In *Wallace v. Kato*, 549 U.S. 384, 393 (2007), "the Supreme Court clarified that *Heck* does not apply to anticipated future convictions." *Jarvis v. Gliottone*, No. 14-7766, 2017 WL 5457986, at *5 n.7 (D.N.J. Nov. 14, 2017); *see also, e.g.*, *Norman v. N.J. State Parole Bd.*, No. 17-4413, 2018 WL 2411609, at *4 (D.N.J. May 29, 2018).  The Supreme Court recognized, however, that *Heck* may eventually bar these claims, "and approved the procedure of staying a § 1983 action while the criminal case is pending." *Jarvis*, 2017 WL 5457986, at *5 (citing *Wallace*, 549 U.S. at 393).  Consequently, in cases where the "plaintiff files a . . . claim related to rulings that will likely be made in a pending or anticipated criminal trial," district courts may "stay the civil action until the criminal case or the likelihood of a criminal case [has] ended."  *Wallace*, 549 U.S. at 393 (cleaned up).  "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.*

In the present case, Plaintiff has not been convicted, and his charges remain pending.  As a result, this Court must consider whether, under *Wallace*, it is appropriate to stay this matter until after his criminal case has ended. *Id.*  Here, assuming *arguendo* that Plaintiff has facts to otherwise support his claims, a judgment in his favor "would completely erode the basis" for a potential

2

conviction and would question the validity of his continued prosecution. *See Robinson v. New Jersey State Police*, No. 11-06070, 2012 WL 5944298, at *2 (D.N.J. Nov. 27, 2012).

For example, whether the warrantless search of Plaintiff's automobile was unconstitutional is critical to the viability of the pending charges. (ECF No. 1-1 at 1–2).  Similarly, if the evidence acquired from that search violated the Fourth Amendment and Plaintiff's rights to due process and a fair trial, as he claims, it would impugn any potential conviction. (*See id.*).  As a result, Plaintiff's constitutional claims are "related to rulings that will likely be made in a pending or anticipated criminal trial." *Wallace*, 549 U.S. at 393.

For those reasons, this Court will exercise its discretion and stay Plaintiff's § 1983 claims until the conclusion of his criminal case. *Id.*  After the conclusion of that case, Plaintiff may move to reopen this matter, attaching to that motion the results of his criminal case.

Next, Plaintiff has requested a § 2241 habeas petition form to challenge his pending state charges.  The Clerk will be directed to provide Plaintiff with a blank § 2241 form.  Plaintiff is advised, however, that **<u>before</u>** filing a federal § 2241 habeas petition to challenge pending state charges, a detainee must **<u>first</u>** generally exhaust his state court remedies by fairly presenting his federal claims through each level of the New Jersey courts, including the Supreme Court of New Jersey. *See, e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Cuevas v. Commonwealth of Pennsylvania*, No. 20-1976, 2020 WL 6578374, at *1 (3d Cir. June 30, 2020) (citing *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975)).  If a detainee fails to exhaust his claims before filing a § 2241 petition, it will likely result in the dismissal of that petition without prejudice. Accordingly,

IT IS, on this 7th day of July 2026,

**ORDERED** that the Clerk of the Court shall STAY and ADMINISTRATIVELY TERMINATE this case until after the resolution of Plaintiff's criminal case; and it is further

**ORDERED** that Plaintiff may move to reopen this case and lift the stay within 30 days after the conclusion of his criminal case, attaching to any such motion the results of his criminal case; and it is further

**ORDERED** that the Clerk of the Court shall send Petitioner a blank § 2241 habeas corpus petition form, AO 242 (12/11); and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Opinion and Order to Plaintiff by regular U.S. mail.

/s/ Christine P. O'Hearn_____
**Christine P. O'Hearn**
**United States District Judge**

4